UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CAROLYN MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-280-TAV-DCP |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and referral from the District Judge [Doc. 17]. Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 16]. She asks that the Court award her $4,966.30 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). Subsequently, the parties filed Joint Stipulations [Doc. 18], agreeing that Plaintiff is entitled to $4,717.99 in attorney fees under the EAJA.

Plaintiff asks the Court to order that the fees be made payable to her attorney if she has no debt registered with the Department of Treasury subject to offset. In an attached waiver, she "agree[s] to waive direct payment of the EAJA fees and assign said fees to be paid directly to [her] attorney" [Doc. 16-5].[1] In the listed terms and conditions of the Joint Stipulations, the parties state that if the Department of the Treasury determines Plaintiff owes no federal debt, the Government will accept her assignment and pay the fees to her counsel.

---

[1] Plaintiff also submits an Attorney's Affirmation in Support of Motion for EAJA fees [Doc. 16-1], three itemized Ledgers [Docs. 16-2, 16-3, 16-4], and a Memorandum in Support of Plaintiff's Petition for Counsel Fee Allowance Under Equal Access to Justice Act [Doc. 16-6]. The undersigned has reviewed this material in preparing this Report and Recommendation.

The parties acknowledge *Astrue v. Ratliff*, 560 U.S. 586 (2010), which instructs that an EAJA fee award is payable to the plaintiff. And while the plaintiff may assign the fee award to the plaintiff's counsel, the Government has "discretion either to honor or not to honor the assignment." *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017). Accordingly, the EAJA fee award, to which the parties stipulate, is due to Plaintiff. The manner in which the fee is disbursed remains within the discretion of the Commissioner.

Having received Plaintiff's Motion and the parties' Joint Stipulations, and upon substantive review of the record, the undersigned **RECOMMENDS**[2] that the District Judge: (1) deny Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 16] as moot, (2) adopt the Joint Stipulations [Doc. 18] to the extent that the parties agree Plaintiff is entitled to an award of attorney fees in the amount of $4,717.99 under the EAJA, 28 U.S.C. § 2412(d), (3) order that, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that she owes to the United States; and (4) order that, if Plaintiff owes no debt to the United States, then the payment of EAJA fees can be made to Plaintiff's counsel per any valid assignment accepted by the Government.

Respectfully submitted,

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)).